UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————————

No. 93-4973

———————————————————

MIGUEL ANGEL MARROQUIN-PONCE,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

———————————————————————————————————————————

Petition for Review of an Order of the
Immigration and Naturalization Service
(A27 606 861)

———————————————————————————————————————————

August 4, 1997

Before JONES, EMILIO M. GARZA, and PARKER, Circuit Judges.[*]

PER CURIAM:

Appellant Marroquin-Ponce challenges the decision of the
Board of Immigration Appeals to deny his motion to reopen the
petition to reopen deportation proceedings so that he could apply
for suspension of deportation. The government, aside from
defending the merits of the BIA's decision, contends that a newly

———————————————————————————————————————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enacted provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. 104-208, 110 Stat. 3009 (1996), renders Marroquin-Ponce ineligible for this relief. We need not construe the new statute, because even if Marroquin-Ponce is still eligible for suspension of deportation, the Board did not abuse its discretion by refusing to reopen.

Marroquin-Ponce entered the United States from El Salvador thirteen years ago. He allegedly fled that country because he feared persecution from the rebels on account of his service in the Salvadoran army. Ponce has numerous relatives remaining in El Salvador. He was served with a notice of deportation in 1987, but the proceedings have been delayed for various reasons. Appellant is married, has children ages approximately five and eight, owns a home and a van and is gainfully employed.

Having sought suspension of deportation shortly after his children were born, appellant contends his deportation would cause "extreme hardship" to him and his family. The sources of hardship allegedly include his oldest child's involvement in the American educational system, the family breakup that might be caused by his deportation, and financial hardship that would be caused by the loss of his assets in the United States and his return to a very poor country. Marroquin-Ponce asserts that he was entitled to a hearing in which he could offer further proof of these assertions.

The Board was, however, entitled to and did find that Marroquin failed to establish his prima facie eligibility for suspension of deportation. See INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 725 (1992). This court reviews BIA decisions denying reopening for an abuse of discretion. Id. at 323-324, 112 S. Ct. at 725; Pritchett v. INS, 993 F.2d 80, 83 (5th Cir.), cert. denied, 510 U.S. 932, 114 S.Ct. 345 (1993). Viewed according to the stringent standard for abuse of discretion, see Pritchett, 980 F.2d at 83, we cannot say that the BIA abused its discretion in concluding that Marroquin did not state a prima facie case for suspension of deportation.

The BIA decision speaks well enough for itself. The BIA considered all of the grounds alleged by Marroquin in support of suspension and cited relevant authorities that indicate the insufficiency of Marroquin's contentions. Because appellant could not make out a prima facie case for eligibility, it was unnecessary for the BIA to order a further hearing.

In sum, there is little doubt that whether appellant departs this country with or without his family, he will suffer hardship. But the level of hardship clearly fails to rise to the extremity required to demonstrate that the BIA abused its considerable discretion in denying him reopening to consider a

suspension of deportation. The judgment of the BIA is **AFFIRMED;** the petitioner's motion for review is **DENIED.**